**SAGOT, BROOKE & CORNETT, P.C.**
**BY: BRADLEY R. CORNETT, ESQUIRE**
**BY: LAURA M. BROOKE, ESQUIRE**
**BY: JENNIFER L. SAGOT, ESQUIRE**
3157 Mechanicsville Road
Bensalem, PA 19020
215-633-1800
bcornett@sagotlaw.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES McCORMAC and** | |
| **KAREN McCORMAC, h/w** | Civil Action No. |
| 1501 Woodview Road | |
| Yardley, PA 19067 | |
| v. | |
| **POULIOT CORRIVEAU, INC.** | **COMPLAINT & DEMAND** |
| 185 Ferno Road | **FOR JURY TRIAL** |
| Williamstown, Vermont 05679 | |
| and | |
| **JONATHAN L. ROBARGE** | |
| 65 Tousaut Hill Road | |
| Greensboro Bend, Vermont 05842 | |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendants as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action due to diversity of state citizenship between the Plaintiffs and the Defendants under 28 U.S.C. 1332.

### VENUE

2. The within cause of action is properly within the venue of this United States District Court pursuant to the United States Code 28 U.S.C.A. §1391(a), in that the accident which is the subject matter of this dispute occurred within the territorial jurisdiction of this United States District Court.

## PARTIES

3. Plaintiffs Charles McCormac and Karen McCormac are husband and wife and are adult individuals and citizens and residents of the Commonwealth of Pennsylvania residing at 1501 Woodview Road, Yardley, Pennsylvania 19067.

4. Defendant Pouliot Corriveau, Inc. is a corporation organizing and existing under and by virtue of the laws of the State of Vermont with its principal place of business located at 185 Ferno Road, Williamstown, Vermont 05679.

5. Defendant Jonathan L. Robarge is an adult individual and citizen and resident of the State of Vermont residing at 65 Tousant Hill Road, Greensboro Bend, Vermont 05842.

## COUNT I

### COMMON FACTS

6. The amount in controversy is in excess of $100,000.00 exclusive of interest and costs.

7. On or about June 21, 2010, Plaintiff Charles J. McCormac was operating a tractor trailer in the course of his employment for Univar, Inc. of Morrisville, Pennsylvania. Plaintiff was driving back to his truck terminal and was southbound on Route 31 in Pennington, New Jersey. Plaintiff's vehicle was stopped in traffic when it was struck in the rear by a tractor trailer owned by Defendant Pouliot Corriveau, Inc. and driven by Defendant Jonathan L. Robarge. Defendant Robarge did so negligently, carelessly and recklessly operate the motor vehicle owned by Defendant Pouliot Corriveau, Inc. so as to cause same to violently collide with the rear of the tractor trailer operated by Plaintiff herein, and as a result of the aforesaid impact, and the negligent, careless and reckless conduct of the Defendants herein, Plaintiff Charles J. McCormac did suffer severe and permanent personal injuries more particularly hereinafter described.

8. Plaintiffs believe and therefore aver, that at all times relevant hereto, Defendant Jonathan L. Robarge was the agent, servant, workmen and/or employee of Defendant Pouliot Corriveau, Inc., and was acting within the course and scope of his employment and authority.

9. The accident aforementioned was caused solely and exclusively by reason of the negligence of the Defendants herein, acting jointly and severally, and by and through the actions or inactions of the agent, servant, workmen and/or employee, Jonathan L. Robarge, acting within the course and scope of his employment and authority, and such actions, were a proximate cause of all injuries and damages sustained by the Plaintiffs herein. The accident aforementioned was caused solely and exclusively by reason of the negligence of the Defendants herein, acting jointly and severally, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiffs herein. The negligence of Defendant Pouliot Corriveau, Inc., was by and through the doctrine of *respondeat superior* due to the negligence of their agent, servant, workman and/or employee Jonathan L. Robarge, acting within the course and scope of his employment and authority.

10. The negligence of the Defendants, acting jointly and severally, and by and through their agent, servant, workmen and/or employee, Jonathan L. Robarge, acting within the course and scope of his employment and authority, consisted of, but was not limited to, any or all of the following:

    (a) Operating a motor vehicle in violation of the laws and ordinances of the State of New Jersey with respect to the operation of a motor vehicle under the circumstances;

    (b) Failure to properly operate and control their motor vehicle;

    (c) Failure to bring said motor vehicle to a stop upon the shortest possible notice;

(d) Failure to regard the point, safety and position of the Plaintiffs;

(e) Failure to properly operate said motor vehicle so as to keep same from violently colliding with the rear of the Plaintiffs' motor vehicle, in violation of the laws and ordinances of the State of New Jersey;

(f) Failure to properly operate and control said motor vehicle and driving in an unsafe manner at an unsafe speed in violation of the laws and ordinances of the State of New Jersey;

(g) Negligence at law.

## COUNT II

### CHARLES McCORMAC v. PAULIOT CORRIVEAU, INC. and JONATHAN L. ROBARGE

11. Plaintiff Charles McCormac hereby incorporates by reference each and every allegation set forth in paragraphs of one through ten of the within Complaint as if each such allegation were separately set forth hereinafter at length.

12. As a result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Charles McCormac sustained a central disc protrusion of the cervical spine at C4-C5; a bulging disc of the cervical spine at C5-C6; a central and left paracentral disc protrusion of the cervical spine at C6-C7 with ventral thecal sac impingement on the left anterior aspect of the spinal cord; severe-acute and chronic strain and sprain of the cervical spine superimposed upon the aforesaid herniated and bulging discs and the aforementioned possibly pre-existing, but asymptomatic, disease of the cervical spine; cervical radiculopathy; severe-acute and chronic strain and sprain of the lumbosacral spine; severe-acute and chronic strain and sprain of the right shoulder; severe-acute and chronic strain and sprain of the right knee; severe-

acute and chronic strain and sprain of the pelvis; multiple bruises and contusions about the neck, upper and lower body; and severe damages to his nerves and nervous system, some or all of which injuries Plaintiff has been advised by his physicians are or may be permanent in nature, and all of which injuries severely limit the Plaintiffs future daily duties and occupations.

13. By virtue of the aforementioned misconducts of the Defendants, the Plaintiff herein, Charles McCormac, suffered the damages and injuries to his person and property as more particularly hereinafter set forth below.

14. As a further result of the negligence of the Defendants as aforesaid, jointly and severally, Plaintiff Charles McCormac has been obliged to spend various and diverse sums of money on medicines, medical care and treatment in an about and effort to cure himself of the ills and injuries he has suffered and Plaintiff will be obliged to continue to do so for an indefinite time in the future, all to his great detriment and loss. Said medical expenses incurred by Plaintiff to date exceed the sum of $20,000 and are continuing, and are, to some extent unreimbursed by any source or the subject of subrogation lien.

15. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Charles McCormac has suffered a severe loss of his earnings and impairment of his earning capacity and power, and he will continue to endure same for an indefinite time in the future, all to his detriment and loss. To date, Plaintiff has suffered wage losses in excess of $11,000.00, and same are or may be continuing, and are, to some extent, unreimbursed by any source or the subject of subrogation lien.

16. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Charles McCormac has been unable to attend to his usual daily duties and occupations and will be unable to attend to same an indefinite time in the future, all to his

detriment and loss.

17. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Charles McCormac has and will continue hereafter to endure great pain and suffering, traumatic neurosis, traumatic anxiety, depression, nervousness, embarrassment and humiliation and the loss of natural enjoyment of life and life's pleasures, all to his detriment and loss.

18. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Plaintiff Charles McCormac has suffered other personal and pecuniary damages, all to his detriment and loss.

**WHEREFORE**, Plaintiff Charles McCormac demands judgment against the Defendants named herein, jointly and severally, in a sum in excess of $100,000.00 upon the aforesaid cause of action.

## COUNT III

### KAREN McCORMAC v. PAULIOT CORRIVEAU, INC. and JONATHAN L. ROBARGE

19. Plaintiff Karen McCormac hereby incorporate by reference each and every allegation set forth in paragraphs one (1) through eighteen (18) of the within Complaint, as if each such paragraph were separately set forth hereinafter at length.

20. At all times relevant hereto, Plaintiff Karen McCormac was the lawful wife of Charles McCormac.

21. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Wife/Plaintiff Karen McCormac has been forced to expend various and diverse sums of money on medicines, medical care and treatment, in an about an effort to cure husband/Plaintiff Charles McCormac, of the ills and injuries he has suffered, and Wife/Plaintiff

6

Karen McCormac will be forced to continue to expend such sums for an indefinite time in the future, all to her great detriment and loss. Said medical expenses incurred by Plaintiffs to date exceed the sum of $20,000.00 and are continuing and are, to some extent, unreimbursed by any source or the subject of subrogation lien.

22. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Wife/Plaintiff Karen McCormac has been deprived of the comfort, society, companionship, services, assistance and consortium of the Husband/Plaintiff Charles McCormac, and will be deprived of same for an indefinite time in the future, all to her great detriment and loss.

23. As a further result of the negligence of the Defendants herein as aforesaid, jointly and severally, Wife/Plaintiff Karen McCormac has suffered other personal and pecuniary damages all to her great detriment and loss.

**WHEREFORE,** Wife/Plaintiff Karen McCormac demands judgment against the Defendants named herein, jointly and severally, in a sum in excess of $100,000.00 upon the aforesaid cause of action.

SAGOT, BROOKE & CORNETT, P.C.

BY: _____
BRADLEY R. CORNETT, ESQUIRE

BY: _____
LAURA M. BROOKE, ESQUIRE

BY: _____
JENNIFER L. SAGOT, ESQUIRE

DATE: 4/18/2012